NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONG CHEOL LEE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CALVARY KOREAN UNITED METHODIST CHURCH,<br><br>　　　　Defendant. | Civil Action No. 10-2832 (JAP)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge,**

　　　　This matter comes before the Court upon Plaintiff Jong Cheol Lee's ("Plaintiff") motion to amend his Complaint in order to add current Third Party Defendant Teamway Builders, Inc. ("Teamway") as a direct defendant in this matter. Teamway opposes Plaintiff's motion. The Court has fully reviewed and considered all arguments made in support of and in opposition to Plaintiff's motion, including those raised in the parties' supplemental briefing requested by the Court. The Court considers Plaintiff's motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth more fully below, Plaintiff's motion is GRANTED.

**I.　　Background and Procedural History**

　　　　This is a personal injury case related to injuries allegedly suffered by Plaintiff after "he was propelled from a ladder while he was performing electrical work due to a surge of electricity from the wiring he was working on" on March 19, 2008. (Pl. Br. at 2). Plaintiff initially brought this case in the Eastern District of New York on March 17, 2010. (*See Lee v. Calvary Korean United Methodist Church*, 1:10-cv-01215-FB-JMA, (E.D.N.Y.)). However, by

Electronic Order dated June 3, 2010, the Eastern District of New York granted the parties' stipulation to transfer the matter here.

Via the instant motion to amend, Plaintiff seeks to add Teamway as a direct defendant. Plaintiff relies on the fact that Teamway contracted with Defendant Calvary Korean United Methodist Church ("Calvary") "to provide construction management services . . . for the renovation services ongoing at the time of the underlying accident" as a basis for his proposed amendment. (Pl. Br. at 3). Indeed, Plaintiff claims that at the time of his accident, a Teamway employee "continued to be present on the job site and exercised supervisory control and direction of the work." (*Id*.) As a result, Plaintiff seeks to add Teamway as a direct defendant in order to assert a negligence claim against it. (*See* Pl. Proposed Amended Compl., Second Cause of Action; Docket Entry No. 24-11).

Plaintiff filed his motion to amend to add Teamway on March 15, 2011, just shy of three years from the date of his accident.[1] Depending on whether New York's three-year or New Jersey's two-year statute of limitations for personal injury matters applies to this case, Plaintiff's motion is either timely or not. Plaintiff claims that New York's three-year limitations period is applicable and therefore contends that his proposed amendment was timely made. As a result, Plaintiff argues that he should be permitted to add Teamway as a defendant under Rule 15(a). Plaintiff additionally argues that even if New Jersey's two-year statute of limitations applies,

---

[1]The Court notes that for purposes of docket control, Plaintiff's motion to amend was administratively terminated on June 29, 2011 in order to give the parties an opportunity to supplement their briefing on the motion. The Court then reinstated Plaintiff's motion to amend after the supplemental briefing was filed. The fact that the Court administratively terminated Plaintiff's motion has no bearing on the operative filing date of same. As a result, the Court uses the date Plaintiff's motion to amend was initially filed, not the date it was reinstated, in the analysis contained herein.

thereby rendering his request to add Teamway untimely, he should nevertheless be permitted to add Teamway as a direct defendant pursuant to Rule 15(c) because his claims against Teamway relate back to the original pleading.

Teamway opposes Plaintiff's motion arguing that the tort claim Plaintiff seeks to assert against it is barred by New Jersey's two-year statute of limitations, which Teamway claims applies in this case. Further, Teamway contends that Plaintiff's proposed amendment does not relate back under Rule 15(c) and therefore should be denied. In addition, Teamway argues that it would be unfairly prejudiced by Plaintiff's proposed amendment. In this regard, Teamway claims that Plaintiff's proposed negligence claim is significantly different from the contract claim asserted against it by Calvary and, consequently, if Plaintiff's proposed claim is allowed, Teamway will have to undertake "extensive additional discovery and motion practice" to address the "facts and legal issues that are unrelated to breach of contract claims." (Teamway Opp. at 2). Teamway also notes that, as confirmed by Plaintiff's affidavit filed in connection with the pending motion, Plaintiff had personal knowledge of Teamway's role with respect to the construction project at the time the accident occurred, *i.e.*, nearly two years before Plaintiff filed the original Complaint in this matter. For these reasons, Teamway argues that Plaintiff should not be permitted to add Teamway as a direct defendant.

II.     Analysis

   A.   **Applicable Statute of Limitations**

In determining whether Plaintiff's motion to amend to add Teamway as a direct defendant should be granted, the Court first must determine what statute of limitations applies to Plaintiff's claims: New York's three-year statute of limitations or New Jersey's two-year statute

of limitations. The Court notes that this decision is important because if Plaintiff's motion to amend was made within the limitations period, then Rule 15(a)'s liberal standard for amending the pleadings would apply to the instant motion. If however, the limitations period had expired before Plaintiff sought to amend his Complaint, then Rule 15(c)'s more stringent relation back principles would apply to Plaintiff's. Here, if New York's three-year statute of limitations applies, then Plaintiff's motion to amend would have been timely made. If, however, New Jersey's two-year statute of limitations applies, then Plaintiff's motion would have been filed out of time.

In order to determine which statute of limitations applies, the Court first must determine which state's law, New York or New Jersey's, applies to this question. That decision, in turn, depends on how this matter came to be transferred from the Eastern District of New York to this District. According to the Eastern District of New York's docket for this matter, six days after participating in a telephone conference with the Court to discuss change of venue to New Jersey, the parties submitted a "Stipulation of Transference" to the Court. (*Lee v. Calvary Korean United Methodist Church*, 1:10-cv-01215-FB-JMA (E.D.N.Y.) at Docket Entry Nos. 3 &4). The following day the District Court for the Eastern District of New York entered an "ELECTRONIC ORDER DISMISSING CASE and TRANSFERRING THE CASE to NEW JERSEY" in which the Eastern District of New York, via an entry on its electronic docket for the matter, noted that "[t]he stipulation of the parties 4 transferring this case to the District of New Jersey located in Trenton is GRANTED." (*Id*. at 6/3/2010).

Neither the parties' stipulation nor the Eastern District of New York's electronic order indicated whether the matter was being transferred pursuant to 28 U.S.C. § 1404 ("Section

4

1404") or 28 U.S.C. § 1406 ("Section 1406"). Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In contrast, pursuant to Section 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district **shall** dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (Emphasis added). Thus, pursuant to Section 1404, whether a court transfers a case is permissive; however, under Section 1406 dismissal or transfer is required.

      The basis of how this case came to be transferred is important because it effects which state's law the Court shall use to determine whether New York or New Jersey's statute of limitations applies to Plaintiff's proposed amendment. If a case is transferred pursuant to Section 1404, the Court applies the law of the transferor's state, here New York, to determine which state's statute of limitations applies. *Lafferty v. St. Riel*, 495 F.3d 72, 77 (3d Cir. 2007). If, however, the matter is transferred pursuant to Section 1406, the Court applies the law of the transferee's state, here New Jersey, to make that determination. *Id.*

      While the Eastern District of New York's electronic order transferring this matter to this Court did not specify whether this case was transferred pursuant to Section 1404 or 1406, in light of the fact that the impetus for the transfer was the parties' stipulation, the Court finds that Section 1404 provided the ground for the transfer. In reaching this conclusion, the Court notes that of the two sections, only Section 1404 discusses a transfer by stipulation of the parties. *See* 28 U.S.C. § 1404(b) (stating that "[u]pon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the

discretion of the court, from the division in which pending to any other division in the same district.")

Given the Court's finding that this case was transferred pursuant to Section 1404, the Court applies the law of New York to determine which state's statute of limitations applies to Plaintiff's proposed claim against Teamway. The Court notes that New York's choice of law principles generally call for the law of the state with the greatest interest in the litigation to be applied; however, with respect to statute of limitations decisions, New York applies its statute of limitations. *See In re Gaston & Snow*, 243 F.3d 599, 608 (2d Cir. 2001). This is true even where New York's law would "mandate the application of the statute of limitations of a jurisdiction whose contacts with the action are not the most significant." *Id*.

According to New York law:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

C.P.L.R. § 202. Here, while Plaintiff was injured in New Jersey, he is a resident of New York. Therefore, pursuant to C.P.L.R. § 202, New York's statute of limitations for personal injury actions apply to Plaintiff's claims. C.P.L.R. § 214 provides New York's statute of limitations for personal injury cases such as Plaintiff's. According to C.P.L.R. § 214, an action to recover for personal injury "must be commenced within three years[.]" As a result, in order to be timely, Plaintiff would have had to have filed his motion to amend to add Teamway as a direct defendant within three years of the date he was injured. Plaintiff did so: Plaintiff was injured on March 19,

2008.  Plaintiff moved to amend his Complaint to add Teamway as a direct defendant on March 15, 2011, just shy of three years after he was injured.

### B.     Motion to Amend

#### 1.     Standard of Review

In light of the fact that Plaintiff moved to amend to add Teamway as a direct defendant within the limitations period, the Court finds that Plaintiff does not need to establish that his proposed amendment relates back to his operative pleading under Rule 15(c).  Instead, the Court finds that Rule 15(a) applies to Plaintiff's motion to amend.

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally given freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d. Cir. 2000). Nevertheless, the Court may deny a motion to amend "if the Court finds: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the non-moving party; or (4) futility of the amendment." *Corsibiero v. Leica Microsystems, Inc.*, No. 09-975, 2010 WL 5441662, *2 (D.N.J. Dec. 28, 2010) (citing *Alvin*, 227 F.3d at 121). However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 930, 400 (3d Cir. 2004).

In deciding whether to grant leave to amend under Rule 15(a)(2), "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (quoting Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).  To establish prejudice, the non-moving party must show that allowing the amended pleading "would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2)

significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction." *Corsibiero*, at *2 (quoting *Textron Fin.-NJ, Inc. v. Herring Land Group, LLC*, No. 06-2585, 2009 WL 690933, *4 (D.N.J. Mar. 11, 2009)); *See also Long*, 393 F.3d at 400. Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984). Moreover, unless the delay at issue will prejudice the non-moving party, a movant does not need to establish a compelling reason for its delay. *See Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981).

       **2.**    **Discussion**

Here, Teamway argues that it would be prejudiced by Plaintiff's proposed amendment because Teamway's addition as a direct defendant would require Teamway to undertake "extensive additional discovery and motion practice" to address the "facts and legal issues that are unrelated to [the] breach of contract claims" currently pending against it. (Teamway Opp. at 2). Teamway also argues that by Plaintiff's own admission, at the time his accident occurred in March 2008, Plaintiff knew of Teamway's role with respect to the construction project and site. As such, Teamway claims that Plaintiff unduly delayed in seeking to add Teamway as a direct defendant.

The Court finds that Teamway will not be unfairly prejudiced by Plaintiff's proposed amendment. In this regard, the Court is unpersuaded by Teamway's conclusory statement that its

addition as a direct defendant will require extensive additional discovery and motion practice. While additional discovery concerning Plaitniff's proposed tort claim will clearly be necessary, the Court is not convinced that this additional discovery will be so significant or substantial as to prejudice Teamway. The Court further does not believe that the addition of Teamway as a direct defendant will significantly delay these proceedings. In reaching this conclusion the Court notes that a discovery schedule was only set in this matter two weeks before Plaintiff moved to add Teamway as a direct defendant. In light of the status of these proceedings at the time Plaintiff moved to amend, the Court finds that Teamway's addition as a direct defendant will not unfairly delay the progress of this matter and, consequently, Teamway will not be prejudiced by Plaintiff's proposed amendment. For essentially the same reason, the Court finds that despite Plaintiff's ability to raise his negligence claim against Teamway earlier, Plaintiff did not unduly delay in filing the instant motion. Finally, because the Court has already determined that Plaintiff's proposed negligence claim is timely under the applicable three year statute of limitations, the Court finds that Plaintiff's proposed claim is not futile. As a result, the Court shall permit Plaintiff to amend his Complaint to add Teamway as a direct defendant pursuant to Rule 15(a).

### III.     Conclusion

For the reasons stated above, Plaintiff's motion to amend his Complaint to add Teamway as a direct defendant is GRANTED. An appropriate Order follows.

Dated: December 9, 2011

　　　　　　　　　　　　　　　　　  s/ Tonianne J. Bongiovanni  
　　　　　　　　　　　　　　　　**HONORABLE TONIANNE J. BONGIOVANNI**  
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**