**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JONG CHEOL LEE,

    Plaintiff,

v.

CALVARY KOREAN UNITED
METHODIST CHURCH, et al.,

    Defendants,

and

CALVARY KOREAN UNITED
METHODIST CHURCH, et al.,

    Third-Party Plaintiffs,

v.

WON KIM ELECTRICAL
CONTRACTOR, et al.,

    Third-Party Defendants.

Civil Action No. 10-2832 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on three separate motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants Calvary Korean United Methodist Church ("Calvary") and Teamway Builders, Inc. ("Teamway") (collectively, "Defendants") filed separate motions for summary judgment with respect to all of Plaintiff Jong Cheol Lee's ("Plaintiff") claims. (ECF Nos. 89, 91.) Plaintiff opposed the motions (ECF No. 99), and Calvary replied (ECF No. 100). Additionally, Third-Party Defendant Won Kim Electrical

Contractor ("Won Kim") filed a motion for partial summary judgment with respect to Third-Party Plaintiffs Calvary and Teamway's claims for contractual and common law indemnification. (ECF No. 88.) The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendants Calvary and Teamway's motions for summary judgment are denied, and Third-Party Defendant Won Kim's motion for partial summary judgment is granted.

I.    **Background**

The facts and procedural history of this matter are well known to the parties; as a result, only those facts necessary to decide the motions at issue are recited here. Through this action, Plaintiff seeks damages for personal injuries he suffered on March 19, 2008, allegedly due to the negligence of Defendants. (*See generally* Am. Compl., ECF No. 40.) On that date, Plaintiff was working as an electrician for Third-Party Defendant Surge Electric ("Surge") and was performing work on an addition to the existing church owned by Calvary (the "Project"). Plaintiff testified that prior to beginning the electrical work he cut off the circuit breaker. (Cert. of Kevin C. Decie ("Decie Cert."), Ex. A ("Pl.'s Dep. Tr.") 14:15-21:15, ECF No. 99-2.) After Plaintiff started working, someone allegedly turned the power back on, and he was electrocuted and fell off the ladder he was standing on. (*Id.*)

Calvary hired Teamway to supervise the Project. (Def. Calvary's Moving Br., Ex. A ("Teamway Contract"), ECF No. 89-2.) Calvary also entered into a contract with Won Kim and Surge for electrician services at the Project. (Decie Cert., Ex. C ("Won Kim Contract"), ECF No. 99-4.) The Won Kim Contract listed Calvary as the "Contractor" and Won Kim and Surge as the "Subcontractor[s]." (*Id.*) Calvary asserts that it was not the general contractor and relied on Teamway for "the complete management of the project." (Def. Calvary's Statement of Facts

2

("SOF") ¶ 8, ECF No. 90-1.) David Gregory ("Gregory") was the individual with supervisory control on behalf of Teamway for the project. (*Id.* ¶ 3.) Gregory testified that there was no "general contractor" for the Project and Calvary acted as the "prime contractor." (Pl.'s Counter SOF ¶ 29, ECF No. 99; Ex. B to Def. Calvary's Motion for Summary Judgment ("Gregory's Dep. Tr.") 8:3-5, ECF No. 89-2.)

## II. Legal Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* A dispute is genuine if there is sufficient evidentiary support such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson*, 477 U.S. at 248). The party moving for summary judgment has the initial burden of proving an absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).

If the non-moving party bears the burden of proof at trial, the movant may discharge its burden by pointing to an absence of evidence necessary to support the non-movant's claim. *Id.* at 325. Alternatively, a moving party may submit affirmative evidence that negates a material element of the non-moving party's claim. *Id.* If the movant puts forth such affirmative evidence or makes a showing that the non-movant lacks evidence essential to its claim, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 322 n.3 (quoting Fed. R. Civ. P. 56(e)). The burden of persuasion, however, rests on the non-moving party to establish each element necessary to succeed on the claims on which it bears the burden of proof at trial. *Id.* at 322.

To decide whether a genuine dispute of material fact exists, the Court must consider all facts, drawing all reasonable inferences in a light most favorable to the non-moving party. *Kaucher*, 455 F.3d at 423. However, on a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine [dispute] for trial." *Anderson*, 477 U.S. at 249. Absent a genuine dispute for trial, summary judgment as a matter of law is proper.

### III. Analysis

#### A. Defendants Calvary and Teamway's Motions for Summary Judgment

Defendants Calvary and Teamway move to exclude the opinion of Plaintiff's liability expert, Michael Natoli, P.E., ("Natoli") under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579 (1993). Defendants argue that as a result of the exclusion of Natoli, Plaintiff cannot establish a prima facie showing of causation against either Defendant. Additionally, Defendant Calvary moves for summary judgment arguing it owed no duty to Plaintiff, an independent contractor, because it was the owner and not the general contractor of the Project. The Court will address each argument in turn.

##### 1. Exclusion of Expert Testimony

Defendants seeks to exclude Natoli's testimony on the basis that his testimony is unreliable. Additionally, Defendants argue that Natoli's testimony should be excluded because it only restates Plaintiff's allegations of the accident and does not add any technical or scientific analysis that

4

would assist the trier of fact.[1] Plaintiff argues that Natoli is entitled to rely on the evidence regarding the circumstances of the accident in drafting his report. Plaintiff further argues that Natoli is being offered to assist the jury on the applicable standards of care, including the industry standard and applicable regulations, and this will assist the jury in finding that the standard of care was violated.

Rule 702 requires that expert testimony relating to technical or specialized knowledge satisfy a standard of evidentiary reliability. *Daubert*, 509 U.S. at 590; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 137 (1999). In evaluating the reliability of expert evidence, courts must focus "on principles and methodology, not on the conclusions they generate." *Daubert*, 509 U.S. at 595. A court may disregard an expert opinion that is analytically disconnected from data relied upon. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.")

Here, the Court will not exclude Natoli's testimony in ruling on the motions for summary judgment because he relied on facts in evidence to draw his conclusions. Defendant Teamway relies on *Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F.3d 69 (3d Cir. 1996), to argue that Natoli's testimony should be excluded because he relies on Plaintiff's version of the facts (i.e.,

---

[1] For the first time in its reply, Defendant Calvary argues that certain conclusions contained in Natoli's expert report that pertain to Calvary's responsibility for educating worksite personnel, implementing worksite safety policy, and recognizing Plaintiff's failure to lock out must be excluded. (Def. Calvary's Reply Br. 5-11, ECF No. 100.) As this argument was raised for the first time on reply, the Court declines to consider it. *See Tigert v. Ranbaxy Pharm., Inc.*, No. 12-154, 2012 WL 6595806, at *5 (D.N.J. Dec. 18, 2012) (citing *United States v. Boggi*, 74 F.3d 470, 478 (3d Cir. 1996) (declining to consider arguments raised in a reply brief); *Stern v. Halligan*, 158 F.3d 729, 731 n.3 (3d Cir. 1998) ("A party cannot raise issues for the first time in a reply brief."); *D'Alessandro v. Bugler Tobacco Co.*, No. 05-5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007)). Additionally, Defendant Calvary's new arguments are more appropriately the subject of a motion in limine.

Plaintiff was electrocuted) and expert testimony is inadmissible "where there is no evidence that the plaintiff's version of events is any more likely than the defendant's version of events." (Def. Teamway's Br. 15.) The underlying bases of Natoli's opinions are distinguishable from those of the expert in *Fedorczyk*. There, the expert assumed the existence of a fact and then drew a conclusion from that fact. Here, Natoli's opinions are grounded in facts in the record and not his assumptions of any fact. *See Tentoni v. Jeffers*, No. 08-1976, 2011 WL 113797, at *4 (D.N.J. Jan. 13, 2011) (*Fedorczyk* did not apply where expert drew conclusions about the circumstances of the plaintiff's car accident from evidence such as marks on the road). If Defendants disagree with Natoli's conclusions, they are free to cross-examine him or present contrary evidence at trial for the benefit of, and for evaluation by, the fact finder. Furthermore, Natoli's testimony regarding industry standards and the Occupational Health and Safety Administration ("OSHA") regulations would assist the trier of fact.

### 2. Duty of Defendant Calvary to Plaintiff

Defendant Calvary's additional argument, that summary judgment should be granted because it was not the general contractor, also fails. Specifically, Calvary argues it was not the general contractor, and therefore, any duty a general contractor owes an independent contractor or subcontractor does not apply to Calvary. (Def. Calvary's Br. 4.) Plaintiff argues that there is a dispute of material fact regarding whether Calvary or Teamway was acting as the general contractor for the Project, as each points to the other, and thus, summary judgment should be denied. The Court agrees. Calvary entered into a contract directly with Won Kim and Surge for electrician services and was listed as the "Contractor" on the Won Kim Contract. Additionally, Gregory, of Teamway, testified that Calvary acted as the "prime contractor." (Pl.'s Counter SOF ¶ 29.) Although Calvary was the owner of the property, there is a genuine dispute of material fact

as to whether Calvary was also a general contractor for the Project. *See Costa v. Gaccione*, 408 N.J. Super. 362, 373 (2009) (holding summary judgment was precluded where there were genuine disputes of material fact as to whether the property owner was also a de facto general contractor).

**B.  Third-Party Defendant Won Kim's Motion for Partial Summary Judgment**

Third-Party Defendant Won Kim filed a motion for partial summary judgment on Third-Party Plaintiffs Calvary and Teamway's claims for contractual indemnification and common law indemnification. Calvary and Teamway do not oppose dismissal of the contractual and common law indemnification claims. (ECF Nos. 93, 97.) Therefore, Third-Party Defendant Won Kim's motion for partial summary judgment is granted.

**IV.  Conclusion**

For the reasons set forth above, Defendants Calvary and Teamway's motions for summary judgment are denied, and Third-Party Defendant Won Kim's motion for partial summary judgment is granted. An order consistent with this Memorandum Opinion will be entered.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: June 11th, 2015